# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

C.J. Feril, on behalf of himself and all others
similarly situated,

       Plaintiff,

v.                                        Case No.
                                        Hon.

3G Home Exteriors, Inc.,
a Michigan corporation, and
Jacob Heier, an individual,

       Jointly and Severally,

       Defendants.
_____/

Pitt, McGehee, Palmer Bonanni &
Rivers, P.C.
Robert W. Palmer (P31704)
Channing Robinson-Holmes (P81698)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
(248) 398-9800
rpalmer@pittlawpc.com
crobinson@pittlawpc.com
_____/

## COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

      Plaintiff, C.J. Feril, on behalf of himself and all others similarly situated, by and through his attorneys, for his Complaint against Defendants, allege as follows:

## INTRODUCTION

Plaintiff C.J. Feril (hereinafter "Plaintiff"), on behalf of himself and others similarly situated, is a former Installer and Crew Leader of 3G Home Exteriors, Inc. ("3G"), owned and operated by Jacob Heier ("Heier") (collectively "Defendants"), and brings this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for Defendants' willful practice of failing to pay employees required overtime wages.

Plaintiff brings this collective action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION & VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## THE PARTIES

4. Plaintiff C.J. Feril ("Feril") is a resident of Genessee County, Michigan. At all relevant times, Feril was an hourly employee of Defendants, as defined in 29 U.S.C. § 201 *et seq.*, working on various dates as an Installer and Crew Leader from, on or about, 2012 to January of 2020. Feril has executed his consent to join form.

5. Defendant 3G Home Exteriors ("3G") is a Michigan home improvement corporation, specializing in the installation of roofing, siding and gutters, located in Fraser, Michigan, and owned and operated by Jacob Heier.

6. Defendant Jacob Heier ("Heier") is a resident of Ortonville, Michigan. At all times relevant hereto, Heier was the owner and operator of 3G Home Exteriors, Inc., making and enforcing business and pay practices affecting employees at 3G.

7. At all times relevant hereto, Plaintiff and other similarly situated collective action members were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e)(1).

8. Each Defendant is an "employer" within the meaning of the FLSA,

3

29 U.S.C. § 203(d).

9. At all relevant times, Defendants engaged in interstate commerce and utilized goods which moved in interstate commerce as defined in 29 U.S.C.§203(r) and §203(s).

## FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendants as an Installer and Crew Leader, installing gutters, from, on or about, 2012 to January of 2020, and was paid $25 per hour as of the last date of his employment.

11. During his employment, Plaintiff typically worked 45 to 55 hours per week and averaged 55 to 60 hours per week during peak summer weeks.

12. At all relevant times, Defendants, directly or indirectly, exercised significant control over the wages, hours, and working conditions of Plaintiff and similarly situated members of the FLSA Collective.

13. During the relevant time period, the employment terms, conditions and policies that applied to Plaintiff and others similarly situated were the same as those applied to other members of the FLSA Collective who also worked as Installers.

14. Throughout his employment, Plaintiff was not paid overtime for the hours he worked in excess of 40 hours per week.

15. Defendants knew or should have known that the FLSA wage and

4

hour laws applied to their business at all relevant times.

16. On numerous occasions, Plaintiff notified owner Heier that he and his co-workers were entitled to overtime pay, which they did not receive.

17. Despite this notice, Defendants intentionally chose to withhold overtime pay.

18. Defendants purposefully omitted the hours worked per pay period on paychecks, so as to further promulgate their violations.

19. Consistently, after Plaintiff confronted Heier about his unlawful pay practices, Plaintiff was scheduled for fewer hours the following week and, occasionally, was not scheduled for any hours.

20. In January of 2020, after Plaintiff had confronted Defendant Heier several times about his unlawful pay practices, Defendants chose not to return Plaintiff to work, effectively terminating his employment.

21. At the time of Plaintiff's termination, he was owed approximately $1,500 in wages (excluding overtime pay), which have not yet been paid.

22. All actions by Defendants described herein were willful, intentional, and not the result of mistake or inadvertence.

**INJURY AND DAMAGE**

23. Plaintiff and all members of the FLSA Collective suffered injury, were harmed, and incurred damage and financial loss as a result of Defendants'

5

conduct complained of herein.

24. Plaintiff and the FLSA Collective are entitled to minimum wages and overtime benefits.

25. By failing to pay Plaintiff and the FLSA Collective overtime benefits, Defendants injured Plaintiff and the members of the Collective and caused them financial loss, harm, injury and damage.

### COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all similarly situated current and former workers of Defendants who were subject to Defendants' failure to pay overtime benefits at any time during the last three years.

27. Excluded from the FLSA Collective are all of Defendants' executives, administrators, professional employees, and outside salespersons.

28. A collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the workers described as parties to the Complaint are "similarly situated" to the named Plaintiff.

29. The workers Plaintiff seeks to represent in this case include:

    a. All individual hourly Installers who worked for Defendants and were not paid proper overtime, including Installers of gutters, siding, and roofing.

30. The FLSA Collective are similarly situated to the named Plaintiff because they worked in the same or similar positions, were subjected to the same unlawful practice, policy, or plan, and their claims are based upon the same factual and legal theories.

31. The working relationships between Defendants and every putative member of the FLSA Collective are exactly the same and differ only in name, location, exact job duties, and rate of pay.

32. The key legal issue in the collective action – whether Defendants' policies and practices violate the FLSA – does not vary substantially from member to member of the Collective.

33. Plaintiff estimates that the putative FLSA Collective, including both current and former workers over the relevant period, will include over 40 members. The precise number of the Collective should be readily discernible from a review of Defendants' records.

### COUNT I – VIOLATION OF THE FLSA
### FAILURE TO PAY OVERTIME

34. Plaintiff hereby incorporates all of the preceding paragraphs contained within this Complaint.

35. This claim arises out of Defendants' willful violation of the Fair Labor Standards Acts, 29 U.S.C. Sec. 201, *et seq*., for failure to pay overtime to

Plaintiff and members of the FLSA Collective to which they were entitled.

36. Pursuant to 29 U.S.C. § 207(a), Plaintiff and the FLSA Collective were entitled to be compensated at the rate of "one and one-half times the regular rate" for all hours worked in excess of forty (40) each week.

37. At all relevant times, Defendants employed Plaintiff and all collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, Defendants have been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201.

39. The minimum wage and overtime provisions of the FLSA, 29 USC 201 *et seq.*, apply to Defendants and protect Plaintiff and members of the FLSA Collective.

40. Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(B). As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

41. 29 U.S.C. § 207(a) mandates that employers shall pay "one and one-half times the regular rate" for hourly work over forty hours in one work week.

42. Defendants failed to pay overtime wages for hours performing non-tipped work in excess of forty (40) hours.

43. Defendants knew or should have known that these policies and

practices violated the FLSA.

44. Defendants have not made a good faith effort to comply with the FLSA.

45. Rather, Defendants knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal overtime payment practices.

46. Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided by 29 U.S.C. § 216(b) interest, and such other legal and equitable relief as the Court deems proper.

47. Plaintiff, on behalf of himself and the FLSA Collective, seek recovery of attorney fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

48. 12 U.S.C. § 211(c) requires employers to keep adequate records of the "wages, hours, and other conditions and practices" maintained by the employer and preserve them for future reports.

49. 29 C.F.R.§ 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

50. To the extent Defendants have failed to maintain all records required by the aforementioned statutes and regulations and fail to furnish Plaintiff and FLSA Collective comprehensive statements showing the hours that they worked during the relevant time period, it also violated the aforementioned laws causing Plaintiff's damage.

51. When the employer fails to keep accurate records of the hours worked by its employees, the employee may carry out his burden "if he proves that he has in fact performed work for which he was improperly compensated" with sufficient evidence. The burden then shifts to the employer to negate the employee's proofs, and should it fail to do so, the court may award damages to the employee "even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-688 (1946).

52. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with ... the Act." *Id*.

53. Based on the foregoing, Plaintiff and Class members seek unpaid

minimum wage and overtime compensation at the required legal rate for all working hours during the relevant time period, liquidated damages, prejudgment interest calculated at the highest legal rate, attorneys' fees and costs, and all other costs, penalties and other relief allowed by law.

### COUNT II – VIOLATION OF THE FLSA
### RETALIATION

54. Plaintiff hereby incorporates all of the preceding paragraphs contained within this Complaint.

55. Plaintiff engaged in a protected activity under the FLSA, 29 U.S.C. § 215(a)(3) when he opposed a practice that violated the FLSA, which was Defendants' failure to pay overtime.

56. Plaintiff was subjected to adverse employment actions as a result of his protected activity in the form of reduced hours, withholding of wages, and termination.

57. The above-described adverse employment actions were caused by and in retaliation for Plaintiff's protected activity.

58. Defendants acted willfully in retaliating against Plaintiff for his protected activity in violation of the FLSA, 29 U.S.C. § 215(a)(3).

59. As a direct and proximate result of Defendants' retaliation, Plaintiff is entitled to his lost wages, reinstatement, compensatory damages, punitive

damages, liquidated damages, attorneys' fees, costs, injunctive relief, and such other relief as the court deems just and appropriate.

### COUNT III – VIOLATION OF THE FLSA
### FAILURE TO PAY MINIMUM WAGE

60. Plaintiff hereby incorporates all of the preceding paragraphs contained within this Complaint.

61. Near the end of Plaintiff's employment with Defendants, he performed work for Defendants for which he was not paid.

62. Defendants are subject to the minimum wage requirements of the FLSA.

63. Defendants' failure to pay Plaintiff regular wages for work he performed is a violation of the FLSA.

64. Defendants' violations of the FLSA were knowing and willful.

65. As a direct and proximate result of Defendants' retaliation, Plaintiff is entitled to his lost wages, reinstatement, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, injunctive relief, and such other relief as the court deems just and appropriate.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of the Class, prays for an order for relief as follows:

    a.    That Defendants be found liable to Plaintiff and the FLSA Collective;

    b.    For a declaration that Defendants willfully violated the rights of Plaintiff and the FLSA Collective under applicable law;

    c.    For compensatory and actual damages;

    d.    For restitution of all monies due to Plaintiff and the FLSA Collective and disgorged profits from the unlawful business practices of Defendants;

    e.    For all back pay, unpaid wages, and owed overtime wages;

    f.    For all statutory damages, liquidated damages, civil penalties, and/or other relief allowed by federal and state wage and hour statutes and regulations and/or other laws;

    g.    For accrued interest;

    h.    For an order certifying Count I as a collective action under 28 U.S.C. 216(b);

    i.    For costs of suit and expenses incurred herein, including reasonable attorneys' fees allowed under any relevant provision of law or equity, including the FLSA; and

    j.    For any and all other relief that the Court may deem just, proper and equitable in the circumstances.

                Respectfully submitted,

                By: */s/ Channing Robinson-Holmes*
                    Robert W. Palmer (P31704)
                    Channing Robinson-Holmes (P81698)
                    Attorneys for Plaintiff
                    117 W. Fourth Street, Suite 200
                    Royal Oak, MI  48067
                    (248) 398-9800
                    rpalmer@pittlawpc.com
                    crobinson@pittlawpc.com

Dated:  June 15, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

C.J. Feril, on behalf of himself and all others
similarly situated,

        Plaintiff,

v.                                                      Case No.
                                                      Hon.

3G Home Exteriors, Inc.,
a Michigan corporation, and
Jacob Heier, an individual,

        Jointly and Severally,

        Defendants.
_____/
 Pitt, McGehee, Palmer Bonanni & Rivers, P.C.
 Robert W. Palmer (P31704)
 Channing Robinson-Holmes (P81698)
 Attorneys for Plaintiff
 117 W. Fourth Street, Suite 200
 Royal Oak, MI  48067
 (248) 398-9800
 rpalmer@pittlawpc.com
 crobinson@pittlawpc.com
_____/

**Jury Demand**

      Plaintiff and the FLSA Collective hereby demand a trial by jury in the above alleged matter.

15

                                    Respectfully submitted,

                            By: */s/ Channing Robinson-Holmes*
                                Robert W. Palmer (P31704)
                                Channing Robinson-Holmes (P81698)
                                Attorneys for Plaintiff
                                117 W. Fourth Street, Suite 200
                                Royal Oak, MI 48067
                                (248) 398-9800
                                rpalmer@pittlawpc.com
                                crobinson@pittlawpc.com

Dated: June 15, 2021